"Said premises are rented, together with 10-horse steam power to be supplied in the usual working hours and days, accidents excepted; 10 days' stoppage to be allowed to party of the first part for repairs, if needed."

Before any part of the rent here sued for became due, the defendant had left the premises. Defendant maintains that plaintiff failed to supply the horse power pursuant to contract, and not only claims a breach of the contract and a constructive eviction by reason thereof, but also counterclaims for damages caused by the failure to supply the 10-horse steam power. The justice dismissed the counterclaim and gave judgment for plaintiff for $300, having deducted $100 from the plaintiff's claim on the ground thus stated, namely:

"I make the deduction of $100, as it seems to me that, in view of the fact that the premises were vacated by defendant, plaintiff was not obliged to furnish the power contracted for in the lease."

As plaintiff raises no objection to this reduction, there is no occasion to consider the same. Defendant appeals from the judgment.

We think the defendant made out a good defense to plaintiff's claim. He showed by a fair preponderance of proof that for many working days besides the days allowed for repairs no steam power at all was given, and at other times much less than the 10-horse power was furnished. Plaintiff's denials or explanations of such failure to comply with the requirements of the lease are not satisfactory. Defendant shows that much inconvenience and loss were occasioned by plaintiff's neglect to furnish the 10-horse power as required by the lease. His men were idle, and he was finally obliged to put in an electric dynamo and pay the Edison Company for electricity. His complaints to plaintiff appear to have resulted in no improvement, and he says plaintiff merely told him to get out, if not satisfied. We consider that the ends of justice would best be served by allowing a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

———

ALTMAN v. SCHWAB MFG. CO.

(Supreme Court, Appellate Term. May 16, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK—PROMISE TO REMEDY DEFECT.

Where, on complaint of a servant that the machine with which he worked was dangerous, the master told him to continue work and the machine would be repaired in a couple of days, the promise constituted a contract of the master to assume the risk of injury from the time of the promise until the two days expired.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 638–644.]

Appeal from Municipal Court; Borough of Manhattan, Fifth District.

Action by Max Altman, an infant, against the Schwab Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

E. Sydney Berry, for appellant.
Pollak & Deutsch, for respondent.

PER CURIAM. Plaintiff, a young man about 18 years of age, was working on a machine in defendant's employment, and was injured. He sued the defendant for damages, and obtained a judgment in his favor. Defendant appeals.

Defendant's foreman put plaintiff to work on the machine. After he had worked on it about three weeks, he told the foreman it was out of order; that it shook too much. The foreman told him not to mind about that, but to go on with his work. The plaintiff again spoke to the foreman, and requested him to have the machine fixed. The foreman said he would have it fixed in a couple of days, and told plaintiff to continue to use the machine. We worked about two hours longer on this machine, when "it jumped," or "wabbled," and injured plaintiff. Under the employer's liability act the assumption of risk by continuing in a dangerous position is a question of fact. The justice found, upon some proof, that plaintiff was free from contributory negligence in the management of the machine. The promise of the foreman to repair the machine, made to plaintiff to induce him to continue work thereon, constituted a contract on the part of the employer to assume the risk, and relieved the servant therefrom. Citrone v. Construction Co., 113 App. Div. 518, 99 N. Y. Supp. 241. This contract commenced at the time of the promise, and continued during the period of the agreement. And was in force at the time of the accident.

The judgment should be affirmed, with costs.